COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Annunziata
Argued at Salem, Virginia


MARLEY MOULDINGS, INC. and
 CONTINENTAL CASUALTY COMPANY
                                        MEMORANDUM OPINION[*] BY
v.  Record No. 0755-95-3            JUDGE JAMES W. BENTON, JR.
                                             APRIL 23, 1996
FREDA W. ROTENBERRY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Ramesh Murthy (Penn, Stuart, Eskridge &
               Jones, on brief), for appellants.

               Ginger Jonas Largen (J. D. Morefield;
               Morefield, Kendrick, Hess & Largen, P.C., on
               brief), for appellee.



     The employer, Marley Mouldings, Inc., contends that the

commission erred in concluding that Freda W. Rotenberry proved by

clear and convincing evidence that her asthma was a compensable

ordinary disease of life.  See Code § 65.2-401.  We affirm the

award.

                                I.

     On appeal, we view the evidence in the light most favorable

to Rotenberry because she prevailed before the commission.  R.G.

Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d

788, 788 (1990).  So viewed, the evidence proved that Rotenberry

began working for Marley in 1975.  She fed mouldings through a

paint machine and was constantly exposed to paint, paint thinner

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

fumes, and sawdust.

In 1984 Rotenberry began to suffer from allergies and sinusitis which caused wheezing in the springtime similar to hay fever. She consulted Dr. James E. McDowell, her family practitioner, who "treated [her] with some medication at that time and it seemed to clear up." Rotenberry began experiencing severe breathing problems in 1985. Dr. McDowell testified that he first treated her for severe breathing problems in January 1985 and later that year hospitalized her for a chest infection. On March 15, 1990, Dr. McDowell diagnosed Rotenberry as having "asthma/precipitated by odor exposure." Dr. McDowell prescribed several medications for Rotenberry, but when her problems showed no signs of improvement, he referred her to Dr. Donald Zedalis, an allergist.

Dr. Zedalis initially opined that Rotenberry's symptoms were "strongly consistent with allergic asthma (grasses), work exposure, and her husband's heavy cigarette smoking habit," with her sinusitis causing further problems. In 1993, following testing and treatment Dr. Zedalis recommended that Rotenberry leave her job permanently due to her asthma. Dr. Zedalis opined that "Rotenberry's condition is an outcome of an occupationally-related disorder."

At the employer's request, Dr. J. Dale Sargent, a pulmonologist, examined Rotenberry and concluded that Rotenberry's employment exacerbated her asthma but was not caused

by her employment. Dr. Gregory Fino, a pulmonologist, examined the medical records of the other doctors at the employer's request and examined occupational health and safety reports. He concluded that Rotenberry's asthma "is a disease of the general medical population and it has nothing to do with her workplace."

Dr. Zedalis reviewed Dr. Fino's report and the same additional information and disagreed with his conclusions. Dr. Zedalis conceded that none of the chemicals to which Rotenberry was exposed contained a hypersensitivity agent known to cause asthma. He noted that "the list of such agents has rapidly expanded over the recent past, often requiring exhaustive investigation before it could be added to the list of known substances that cause occupationally-related asthma." Based upon extensive testing and his treatments, he concluded that Rotenberry's asthma was work related and not pre-existing asthma exacerbated by exposure to chemicals.

## II.

For an ordinary disease of life to be treated as a compensable occupational disease, Rotenberry had to prove, by clear and convincing evidence, to a reasonable degree of medical certainty, that her asthma arose out of and in the course of her employment, did not result from causes outside of her employment, is characteristic of her employment, and was caused by the conditions peculiar to her employment. Code § 65.2-401. See Teasley v. Montgomery Ward & Co., Inc., 14 Va. App. 45, 49-50,

415 S.E.2d 596, 598 (1992). "'Whether a disease is causally related to the employment and not causally related to other factors is . . . a finding of fact.' When there is credible evidence to support it, such a finding of fact is 'conclusive and binding' on this Court." Ross Laboratories v. Barbour, 13 Va. App. 373, 377-78, 412 S.E.2d 205, 208 (1991) (quoting Island Creek Coal Co. v. Breeding, 6 Va. App. 1, 12, 365 S.E.2d 782, 788 (1988)). The existence of "contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

The opinions of Doctors Zedalis and McDowell constitute credible evidence to support the commission's findings. In its role as fact finder, the commission was entitled to accept the opinions of Dr. Zedalis and Dr. McDowell and to discount the opinions of Dr. Sargent and Dr. Fino. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Dr. Sargent examined Rotenberry on one occasion at employer's request, and Dr. Fino merely reviewed the record at employer's request. They were not the attending physicians. In cases of conflicting medical evidence, "'[t]he general rule is that when an attending physician is positive in his diagnosis of a disease, great weight will be given by the courts to his

- 4 -

opinion.'" Pilot Freight Carriers, Inc., Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986) (citations omitted). The commission's decision to accept the unqualified opinions of Dr. Zedalis or Dr. McDowell withstands the employer's challenge. Their opinions were credible and sufficient to prove clearly and convincingly that Rotenberry's asthma was occupationally related.

For these reasons, we affirm the commission's decision.
                                                    Affirmed.